UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE HARO, | )   Case No. CV 10-0805-JEM |
| | ) |
| Plaintiff, | ) |
| | )   MEMORANDUM OPINION AND ORDER |
| v. | )   REVERSING DECISION OF |
| | )   COMMISSIONER AND REMANDING |
| MICHAEL J. ASTRUE, | )   FOR FURTHER PROCEEDINGS |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PROCEEDINGS**

On February 22, 2010, Rene Haro ("Plaintiff" or "Claimant") filed a Complaint seeking review of the decision by the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability benefits under Title II of the Social Security Act.  On August 23, 2010, the Commissioner filed an Answer to the Complaint.  On October 26, 2010, the parties filed a Joint Stipulation ("JS") setting forth their positions and the issues in dispute.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the undersigned Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be reversed and

1 remanded for further proceedings in accordance with law and with this Memorandum
2 Opinion and Order.

3                                                    **BACKGROUND**

4         Plaintiff was born on November 16, 1957, and was 46 years old on his alleged
5 disability onset date of March 11, 2004.  (AR 56.)  Plaintiff filed an application for Disability
6 Insurance Benefits on March 9, 2006 (AR 56-60), and claims he is disabled due to a hand
7 and shoulder injury.  (AR 95.)  Plaintiff has not engaged in substantial gainful activity since
8 March 11, 2004.  (AR 15, 95.)

9         Plaintiff's claim was denied initially on August 2, 2006 (AR 44-49), and on
10 reconsideration on March 15, 2007.  (AR 38-42.)  Plaintiff filed a timely request for hearing
11 on May 10, 2007.  (AR 36.)  Plaintiff appeared without counsel and testified at a hearing held
12 on September 10, 2007, before Administrative Law Judge ("ALJ") John C. Tobin.  (AR 497-
13 534.)  The ALJ issued a decision denying benefits on September 26, 2007.  (AR 13-23.)  On
14 November 9, 2007, Plaintiff filed a timely request for review of the ALJ's decision.  (AR 8.)
15 The Appeals council denied review on November 12, 2009.  (AR 5-7.)  Plaintiff then
16 commenced the present action.

17                                                  **DISPUTED ISSUES**

18         As reflected in the Joint Stipulation, there are three disputed issues:

19         1.        Whether the ALJ properly considered the opinion of a treating physician, Dr.
20 Thelma Fernandez;

21         2.        Whether the ALJ properly considered the opinion of an examining
22 psychologist, Dr. Mark Pierce; and

23         3.        Whether the ALJ properly considered Plaintiff's testimony and statements.
24 (JS at 4.)

25                                                **STANDARD OF REVIEW**

26         Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether
27 the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v.

28

1  Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846

2  (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and

3  based on the proper legal standards).

4        Substantial evidence means "'more than a mere scintilla,' but less than a

5  preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson

6  v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

7  reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S.

8  at 401 (internal quotation marks and citation omitted).

9        This Court must review the record as a whole and consider adverse as well as

10  supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

11  Where evidence is susceptible to more than one rational interpretation, the ALJ's decision

12  must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir.

13  1999). "However, a reviewing court must consider the entire record as a whole and may not

14  affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at

15  882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue,

16  495 F.3d 625, 630 (9th Cir. 2007).

17                           **THE SEQUENTIAL EVALUATION**

18        The Social Security Act defines disability as the "inability to engage in any substantial

19  gainful activity by reason of any medically determinable physical or mental impairment which

20  can be expected to result in death or . . . can be expected to last for a continuous period of

21  not less than 12 months." 42 U.S.C. §§ 423(d) (1)(A), 1382c(a)(3)(A). The Commissioner

22  has established a five-step sequential process to determine whether a claimant is disabled.

23  20 C.F.R. §§ 404.1520, 416.920.

24        The first step is to determine whether the claimant is presently engaging in substantial

25  gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is

26  engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert,

27  482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a

28

1 severe impairment or combination of impairments.  Parra, 481 F.3d at 746.  An impairment is

2 not severe if it does not significantly limit the claimant's ability to work.  Smolen, 80 F.3d at

3 1290.  Third, the ALJ must determine whether the impairment is listed, or equivalent to an

4 impairment listed, in Appendix I of the regulations.  Id.  If the impediment meets or equals

5 one of the listed impairments, the claimant is presumptively disabled.  Bowen v. Yuckert, 482

6 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the claimant

7 from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

8 Before making the step four determination, the ALJ first must determine the claimant's

9 residual functional capacity ("RFC").[1]  20 C.F.R. § 416.920(e).  The RFC must account for all

10 of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e),

11 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.  If the claimant cannot perform his or

12 her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and

13 must determine whether the impairment prevents the claimant from performing any other

14 substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

15        The claimant bears the burden of proving steps one through four, consistent with the

16 general rule that at all times the burden is on the claimant to establish his or her entitlement

17 to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the

18 claimant, the burden shifts to the Commissioner to show that the claimant may perform other

19 gainful activity.  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a

20 finding that a claimant is not disabled at step five, the Commissioner must provide evidence

21 demonstrating that other work exists in significant numbers in the national economy that the

22 claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. §

23 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and

24 entitled to benefits.  Id.

25

26        [1]Residual functional capacity ("RFC") is what one "can still do despite [his or her]
limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R.
27 §§ 404.1545(a)(1), 416.945(a)(1).

28

**DISCUSSION**

**A.    The ALJ's Decision**

In this case, the ALJ determined at step one of the sequential evaluation that Plaintiff has not engaged in substantial gainful activity since March 11, 2004, his alleged disability onset date.  (AR 15.)

At step two, the ALJ determined that Plaintiff suffers from the following severe impairments:  right shoulder injury, status post-surgery; degenerative joint disease of the left shoulder; degenerative disc disease of the lumbar spine; obesity; and anxiety disorder, not otherwise specified.  (AR 15.)

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments.  (AR 15.)

The ALJ found that Plaintiff has the RFC to perform "light exertion work with sitting 5-10 minutes every hour, occasional kneel, crouch and crawl, no bilateral overhead reaching, no repetitive forceful pushing/pulling with the right dominant hand, and mild to moderate impairment in attention and concentration."  (AR 16.)

At step four, the ALJ determined that Plaintiff could not perform his past relevant work as a numerical control machinist.  (AR 22.)

At step five, the ALJ relied on the testimony of a vocational expert in determining that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, specifically call out operator, telephone information clerk, and production assembler.  (AR 22-23.)  The ALJ therefore concluded that Plaintiff is not disabled.  (AR 23.)

**B.    The ALJ Did Not Properly Evaluate Dr. Pierce's Opinion.**

Plaintiff contends that the ALJ did not properly evaluate the opinion of an examining psychologist, Dr. Mark Pierce.  (JS at 12-15, 17.)  The Court agrees.

**1.    Relevant Law**

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians:  (1) those who treat the claimant (treating physicians);

(2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by

other independent evidence in the record.  <u>Lester</u>, 81 F.3d at 830-31; <u>Morgan</u>, 169 F.3d at 600.

## 2.    Analysis

Dr. Pierce performed a psychological evaluation of Plaintiff on February 6, 2007.  (AR 195-200.)  He diagnosed Plaintiff with an anxiety disorder, not otherwise specified, and noted that Plaintiff demonstrated "substantially anxious adjustment with estimated related impacts on deteriorated cognitive impacts per testing" and "labored information processing."  (AR 199.)  Dr. Pierce opined, among other things, that Plaintiff "retains the cognitive capacity to complete only simple and repetitive vocational skills and to adapt to minimal changes in a work environment. . . . [He] would have mild-to-moderate difficulty working effectively with others . . . [and] can remember and comply with simple one and two part instructions."  (AR 200.)  A State Agency medical consultant agreed that Plaintiff would have moderate limitations in understanding, remembering, and carrying out detailed instructions; interacting appropriately with the general public; and responding appropriately to changes in the work setting.  (AR 181-83.)

The ALJ did "not give any weight to the assessments from the psychological consultative examiner and Disability Determination Services psychiatric consultant."  (AR 21.)  "Giv[ing] [Plaintiff] the benefit of the doubt," the ALJ found that Plaintiff "has mild to moderate impairment in attention and concentration," the only mental limitation included in Plaintiff's RFC.  (AR 16, 21.)  The Court's review of the record has not revealed any medical opinions that contradict Dr. Pierce's opinion; nor did the ALJ or the Commissioner identify any such opinions.  (AR 21; JS at 15-17.)  The ALJ was therefore required to provide clear and convincing reasons to discount Dr. Pierce's opinion.  <u>See</u> <u>Bayliss</u>, 427 F.3d at 1216.  Although the ALJ provided two reasons for rejecting Dr. Pierce's opinion, they are not clear and convincing.

First, the ALJ noted that the "treatment records do not show any subjective mental complaints and there is no evidence of use of psychiatric medication or mental health treatment." (AR 21.)  However, the record does contains indications that Plaintiff made mental health complaints.  For example, he wrote that he had difficulties with his memory and trouble concentrating; and he testified that he had "a lot of trouble" learning how to operate different machines at his last job, and that his "ability to learn, to focus, to concentrate" has changed "[a] lot" over time.  (AR 65, 78, 518-19, 521.)  In addition, as the Ninth Circuit has recognized, "'it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'"  Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996) (quoting Blankenship v. Bowen, 874 F.2d 1116, 1124 (6th Cir. 1989)).  In any event, Plaintiff's failure to seek treatment for his mental impairment does not clearly and convincingly undermine Dr. Pierce's opinion of his mental limitations.  Permitting such reasoning would effectively render Dr. Pierce's opinion a nullity even before the ALJ reviewed it, and would therefore undermine the Administration's purpose in ordering a psychological evaluation.  See 20 C.F.R. § 404.1517 ("If your medical sources cannot or will not give us sufficient medical evidence about your impairment for us to determine whether you are disabled or blind, we may ask you to have one or more physical or mental examinations or tests.").

The only other reason the ALJ provided for rejecting Dr. Pierce's opinion is that Plaintiff's IQ scores at Dr. Pierce's examination were questionable because they were inconsistent with Plaintiff's "normal mental status examination," Plaintiff is a non-native speaker of English, and he has "not allege[d] a history of learning disorder or learning impairment."  (AR 21.)  The ALJ did not explain how he concluded Plaintiff had a "normal mental status examination."  Under the heading "Mental Status Examination," Dr. Pierce wrote, among other things, that Plaintiff's "[i]ntellectual functioning is estimated to be in the low average to average range, based on claimant interview;" Plaintiff's "mood and affect were dysthymic to flat," with reports of "anxious adjustment with obsessive worrying about

1  his money situation and feeling stressed and 'desperate;'" and "[a]ttention and concentration

2  are fair during interview, if mildly to greater deficient with attentionally-mediated testing."  (AR

3  197.)  Even if this could be considered a "normal mental status examination," it does not

4  clearly and convincingly undermine Dr. Pierce's opinions derived from his overall

5  examination.  Similarly, the uncertain impact of Plaintiff's language abilities and educational

6  history on the validity of the IQ test results does not clearly and convincingly undermine Dr.

7  Pierce's opinion.  Dr. Pierce himself "noted that [Plaintiff] has an ESL limitation per the verbal

8  IQ," and, before expressing his opinion as to Plaintiff's functional limitations, stated that

9  "[g]iven adequate effort and rapport, the following diagnostic and prognostic impressions are

10  estimated to be reliable and valid and appear to accurately represent [Plaintiff's] abilities and

11  functional level at this time."  (AR 198, 199.)  Moreover, the ALJ cites no evidence to show

12  that Plaintiff's linguistic difficulties or educational background undermines Dr. Pierce's

13  opinion.  These factors do not clearly and convincingly discredit Dr. Pierce's opinion.

14       The Court cannot conclude that the ALJ's error in rejecting Dr. Pierce's opinion was

15  harmless.  There is no evidence in the record that Plaintiff could perform jobs that exist in

16  significant numbers in the national economy if the mental limitations noted by Dr. Pierce are

17  credited.  Remand is warranted for the ALJ to reevaluate Dr. Pierce's opinion.[2]

18                                         **ORDER**

19       IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is

20  AFFIRMED and that this action is dismissed with prejudice.

21       LET JUDGMENT BE ENTERED ACCORDINGLY.

22

23  DATED: January 31, 2011                    _/s/ John E. McDermott_

                                              JOHN E. McDERMOTT
24                                            UNITED STATES MAGISTRATE JUDGE

25

26            [2]In light of the Court's remand order, the Court need not adjudicate Plaintiff's other
   challenges to the ALJ's decision.  On remand, the ALJ is free to reevaluate the medical
27  evidence, including Dr. Fernandez's opinion and to reassess the credibility of Plaintiff's
   subjective complaints.
28